United States District Court
Southern District of Texas
**ENTERED**
May 15, 2019
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BRANDY BRENAY CHARLES-WHITFIELD § § *Petitioner*, § § v. § § TEXAS DEPT. OF FAMILY & PROTECTIVE § SERVICES, *ET AL.*, § § *Respondents*. § | CIVIL ACTION NO. H-19-1775 |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is a *pro se* pleading filed by Brandy Brenay Charles-Whitfield. (Docket Entry No. 1.) The 101-page pleading contains various narratives, arguments, and photocopies of court decisions and other materials. The Court has screened the pleading and finds that Charles-Whitfield seeks habeas relief under section 2241 and civil relief under section 1983.

Having reviewed the pleading, matters of public record, and the applicable law, the Court DISMISSES this lawsuit for the reasons that follow.

### *Claims Under Section 1983*

Charles-Whitfield complains that state courts and state agencies failed to follow state law, unlawfully "kidnapped" her minor son, K.L.W., from her home, made false allegations of abuse and neglect, appointed counsel without allowing her to choose her own (free) counsel, and generally erred in terminating her parental rights to K.L.W.

Charles-Whitfield's alleged constitutional claims under section 1983 stem from the removal of her child and termination of her parental rights. However, her primary complaint appears to be that the state trial court failed to pronounce a final order of termination in open court at trial. A final, *written* decree of termination was entered by the state trial court and was upheld by the intermediate state court of appeals:

> This is an appeal from the trial court's final decree for termination in a suit brought by the Department of Family and Protective Services ("DFPS") to terminate the parent-child relationship between appellants and K.L.W. ("the child"). In its decree, the trial court terminated both parents' parental rights, and appointed DFPS as sole managing conservator of the child. Both the father, R.D.W., and the mother, B.B.C., filed notices of appeal, and the trial court appointed separate counsel on their behalves to prosecute this appeal. Both the father and the mother's court-appointed appellate counsel have moved to withdraw and filed separate *Anders* briefs, stating that, in their professional opinions, this appeal is without merit and that there are no arguable grounds for reversal.
>
> \* \* \* \*
>
> Accordingly, we affirm the trial court's termination decree.

*In the Interest of K.L.W., a Child*, No. 01-18-00485-CV, *1–3 (Tex. App. – Houston [1st Dist.] Dec. 5, 2018, pet. ref'd). The Texas Supreme Court subsequently refused discretionary review.

It is clear that Charles-Whitfield is attempting to set aside the final decree of termination by casting her procedural and substantive challenges to the state courts and agencies' actions as section 1983 claims. This misuse of the federal district courts is prohibited under the *Rooker-Feldman* doctrine, which bars a federal court from entertaining collateral attacks on state court judgments. Under this doctrine, "lower

2

federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). If the federal district court "is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (internal quotations omitted).

Charles-Whitfield's arguments that various state courts, agencies and employees failed to follow Texas law and acted with false grounds to keep her child render her section 1983 claims "inextricably intertwined" with the state court judgment. Resolving these claims would require this Court to review the merits of the state court's termination proceedings, which the Court may not do. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 n.16 (1983).

Charles-Whitfield's section 1983 claims are DISMISSED WITHOUT PREJUDICE as barred by the *Rooker-Feldman* doctrine.

### *Habeas Claims*

Charles-Whitfield additionally claims entitlement to habeas relief under section 2241, and she paid the $5.00 habeas filing fee. Where both habeas and section 1983 claims are brought in the same lawsuit, the district court is required to separate the claims and decide the section 1983 claims. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463–64 (5th Cir. 1998); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam).

3

The Court has dismissed Charles-Whitfield's section 1983 claims. Under customary procedures, the Court would separate her habeas claims for pursuit in a separate lawsuit. However, the Court notes that the federal district courts lack jurisdiction as to Charles-Whitfield's habeas claims, and that severance and re-assignment of the claims would unnecessarily tax an already overburdened federal court system.

The precise nature of the habeas relief requested is entirely unclear. However, Charles-Whitfield is not an alien, prisoner, or pretrial detainee, and is not in custody, detained, or otherwise restrained of her liberty for purposes of this Court's jurisdiction under sections 2241 or 2254. Consequently, this Court lacks habeas jurisdiction. Charles-Whitfield's claims sounding in habeas are DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION.

Given a liberal construction, Charles-Whitfield's *pro se* pleading also appears to seek habeas relief on behalf of K.L.W. She claims that K.L.W. is unlawfully in the custody of state child protective services and should be released back to her.

As noted earlier, Charles-Whitfield's parental rights to K.L.W. were terminated by final decree in state court over a year ago. The termination decree was affirmed on appeal and the Texas Supreme Court denied discretionary review. Charles-Whitfield's series of repetitive *pro se* motions to recall or stay mandate in the case were denied. Consequently, she has no standing to seek habeas relief on behalf of K.L.W., and her habeas claims as to K.L.W. are DISMISSED WITHOUT PREJUDICE FOR LACK OF STANDING.

*Sanctions Warning*

With this instant order, the Court has now thrice admonished Charles-Whitfield that she has no standing to seek judicial relief on behalf of K.L.W. *See Whitfield et al. v. Texas Children's Memorial Hermann Hospital*, C.A. No. 19-CV-1420 (S.D. Tex. Apr. 24, 2019); *Charles v. Child Protective Services, et al.*, C.A. No. 17-CV-1516 (S.D. Tex. May 18, 2017). <u>Charles-Whitfield is WARNED that her continued filing of frivolous or meritless pleadings will result in imposition of sanctions against her, including monetary sanctions and limitations on her ability to file lawsuits in the Southern District of Texas</u>.

*Conclusion*

For the reasons stated above, this case is DISMISSED WITHOUT PREJUDICE. Any and all pending motions are DENIED AS MOOT. To any extent necessary, a certificate of appealability is DENIED.

Signed at Houston, Texas on May 15, 2019.

_____
Gray H. Miller
Senior United States District Judge